UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

YOLANDA S.,

           Plaintiff,

      v.                                                                                              **DECISION AND ORDER**
                                                                                                            21-CV-848S
COMMISSIONER OF SOCIAL SECURITY,

           Defendant.
_____

    1.    Plaintiff Yolanda S.[1] challenges the determination of an Administrative Law Judge ("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled since April 20, 2019, due to physical and mental impairments. Plaintiff maintains that she is entitled to benefits because her impairments render her unable to work.

    2.    Plaintiff filed an application for supplemental security income on May 28, 2019. After denial at the agency level, Plaintiff proceeded to a telephonic hearing before ALJ Bryce Baird on November 5, 2020. At the time of the hearing, Plaintiff was 33 years old, with at least a high school education, and had past relevant work as a bus aide/monitor. The ALJ considered the case *de novo* and, on November 17, 2020, issued a written decision denying Plaintiff's applications for benefits. The Appeals Council thereafter denied Plaintiff's request for review on May 26, 2021.

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

3.      Plaintiff filed the current action on July 26, 2021, challenging the Commissioner's final decision.[2] After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on April 12, 2022.  (Docket Nos. 6-9.)  The case was thereafter reassigned here on October 4, 2022, at which time this Court took the motions under advisement without oral argument.  (Docket No. 10.)  For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

4.      A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted).  In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."  42 U.S.C. § 1383 (c)(3).

5.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. § 1383 (c)(3); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence.  See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then does

---

[2] The ALJ's November 17, 2020 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

2

it determine whether the Commissioner's conclusions were supported by substantial evidence."). In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984). Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

  6. As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted). "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations." Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted). This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles." Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

  7. As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d

842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)).  Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. § 1383 (c)(3), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position.  See Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)).  This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8. "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  Similarly, where evidence is deemed susceptible to

4

more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).  In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'"  Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

9. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. § 416.920.  The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled.  482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

10. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work.  Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

11.     The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The fifth step is divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 1383 (c)(1)(A); 20 C.F.R. § 416.920 (a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

12.     In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity since May 28, 2019, the alleged onset date (R. at 18); (2) Plaintiff's obesity, asthma, arthritis of the bilateral knees, and hypertensive heart disease without failure were severe impairments within the meaning of the Act (R. at 18-20); (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 20-21); (4) Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, with certain limitations[3] (R. at 21-27); (5) Plaintiff was unable to perform her past relevant work as a bus aide/monitor (R. at 27); and (6) Plaintiff could perform jobs that exist in significant number

---

[3] The limitations include the following: "can lift, carry, push and pull up to 10 pounds occasionally and up to 5 pounds frequently, sit for 8 hours in an 8-hour workday and stand or walk up to 2 hours in an 8-hour workday[;] . . . can occasionally climb ramps and stairs but never climb ladders, ropes or scaffolds[;] . . . can occasionally balance, stoop, kneel, crouch but never crawl[;] . . . must avoid exposure to excessive heat, excessive moisture or humidity[;] . . . must avoid concentrated exposure to pulmonary irritants such as odors, fumes, gases, dusts, and poor ventilation[;] . . . can perform simple, routine tasks that can be learned after a short demonstration or within 30 days."  (R. at 21.)

in the national economy (R. at 27-28).  Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from May 28, 2019, through November 17, 2020.  (R. at 16, 28.)

13. Plaintiff lodges two challenges to the ALJ's decision.  First, she argues that the ALJ erred by relying on stale evidence and failing to develop the record.  Second, she argues that the ALJ failed to properly consider her testimony.  In response, the Commissioner argues that the ALJ's decision is supported by substantial evidence and free from legal error and should therefore be affirmed.  This Court agrees with the Commissioner.

14. Plaintiff first argues that the ALJ erred by relying on opinion evidence that pre-dated both her October 1, 2019 amended onset date and her August 17, 2020 abdominal surgery.  In Plaintiff's view, this evidence was impermissibly stale and the ALJ erred by not further developing the record to account for her changed medical condition.  This Court is not convinced.

15. An opinion may be stale if it is based on an incomplete record or does not account for a claimant's deteriorating condition.  See Biro v. Comm'r of Soc. Sec., 335 F. Supp. 3d 464, 469-70 (W.D.N.Y. 2018).  But "a medical opinion is not necessarily stale simply based on its age." Id. at 470.  An older opinion may thus constitute substantial evidence if it is consistent with the record as a whole.  See id.; see also Andrews v. Berryhill, No. 17-CV-6368 (MAT), 2018 WL 2088064, at *3 (W.D.N.Y. May 4, 2018) (finding that ALJ did not err by relying on older opinions where there was no evidence of significant deterioration in the plaintiff's condition).

16. Here, evidence pre-dating Plaintiff's August 17, 2020 abdominal surgery is not stale because Plaintiff's application for benefits was not premised on any abdominal condition. At the hearing, Plaintiff's counsel identified her disabling conditions as osteoarthritis in her right knee, chronic bilateral knee pain, history of heart disease and high blood pressure, asthma, obesity, anxiety, and depression. (R. at 54-55.) And while Plaintiff explained that she needed abdominal surgery after being the innocent victim of a drive-by shooting and could not work for a "month or two," no residual functional limitations were identified from either the gunshot wound or the resulting surgery, and neither Plaintiff nor her attorney identified either as a disabling condition.[4] (R. at 69-71.) Consequently, Plaintiff's intervening abdominal surgery did not constitute a deterioration of any of her allegedly disabling conditions such that evidence predating the surgery was rendered stale. Moreover, the amended onset date does not render evidence preceding it stale because, as the ALJ noted, the relevant period under adjudication for an SSI claim is from the date of application. (R. at 18, n. 2.) Consequently, this Court finds no merit in Plaintiff's first argument.

17. Plaintiff's second argument is that the ALJ failed to properly consider her testimony concerning her functional limitations. She maintains that the ALJ "ignored the caveats" relating to her ability to engage in activities of daily living, such as, for example, finding that she could independently engage in personal hygiene without noting that she needed assistance to get in and out of the shower. (R. at 22.) Plaintiff further claims that the ALJ ignored her testimony concerning her difficulties reaching and her need to change

---

[4] Because Plaintiff's abdominal surgery was not alleged to be a disabling condition, the ALJ did not err by failing to further develop the record in this regard.

8

positions frequently, and further held her brief period of work against her. This Court finds no error in the ALJ's consideration of Plaintiff's testimony.

19. It is the ALJ's job to weigh a claimant's subjective complaints against the objective evidence and to resolve any resulting discrepancies. See Aponte v. Sec'y of Health & Hum. Svcs., 728 F.2d 588, 591 (2d Cir. 1984) (holding that it is the Commissioner, not the reviewing court, that determines credibility); Richardson, 402 U.S. at 399 (finding that it is the ALJ's task to weigh and resolve conflicting evidence in the record). Here, the ALJ sufficiently discussed Plaintiff's subjective complaints and adequately articulated his reasons for finding them inconsistent with the record evidence. (R. at 22-23.) For example, the ALJ considered Plaintiff's account of her daily activities and her testimony that she had difficulty reaching and needed to change positions frequently, but explained that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical and other evidence of record. Id. The ALJ further noted Plaintiff's brief return to work, which Plaintiff does not dispute, as just one factor among several that diminished the persuasiveness of her testimony. (R. at 23.) While Plaintiff cites evidence and testimony in the record that, if credited, may have weighed in her favor, a reweighing of the evidence is precluded on judicial review. See Krull v. Colvin, 669 F. App'x 31, 32 (2d Cir. 2016) (noting that the deferential standard of review prohibits a reweighing of the evidence); Zacharopoulos, 516 F. Supp. 3d at 220 (noting that the question on judicial review is whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position). Plaintiff's second argument is therefore rejected.

19. Accordingly, having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds that it is free from legal error and supported by substantial evidence. It is therefore affirmed. See Grey, 721 F.2d at 46; Marcus, 615 F.2d at 27. Plaintiff's motion for judgment on the pleadings is denied, and Defendant's motion seeking the same relief is granted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 7) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 8) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:	February 28, 2023
	Buffalo, New York

                                                    s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                    United States District Judge